**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4436**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARCUS JOHNSON, a/k/a Jay Johnson,

             Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:06-cr-00220-1)

---

Submitted:  September 16, 2008      Decided:  September 18, 2008

---

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Karen L. Bleattler, Joanne Vella Kirby, Assistant United States Attorneys, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Johnson pled guilty pursuant to a written plea agreement to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000) ("Count One"); and possessing, using, and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 & Supp. 2008) ("Count Three"). Johnson was sentenced to a total term of imprisonment of seventy-two months and one day. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether Johnson's sentence is greater than necessary to comply with the purposes of sentencing expressed in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). Although Johnson was notified of his right to file a pro se supplemental brief, he did not do so, and the Government elected not to file a responding brief.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in § 3553(a). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable

Guidelines range may be presumed by the appellate court to be reasonable. <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Johnson, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Furthermore, Johnson's sentence, which is well below the applicable Guidelines range for Count One and no greater than the statutory minimum for Count Three, may be presumed reasonable. Thus, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform their client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsels' motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid in the decisional process.

AFFIRMED